**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YAN MEI ZHENG-LAWSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-06591-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART; AND DENYING MOTION TO STRIKE**<br><br>[Re: ECF 33] |

On May 17, 2018, the Court heard oral argument regarding Defendants' motion to dismiss and/or strike Plaintiffs' first amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively. The Court stated its ruling on the record, granting the motion to dismiss and denying the motion to strike. The Court granted leave to amend as to all claims except Count VIII, asserted under the Song-Beverly Consumer Warranty Act, which was conceded by Plaintiffs. Finally, the Court granted Plaintiffs' request for leave to add a new claim under California's Secret Warranty Law, California Civil Code § 1795.90 et seq. The Court indicated that it would issue a brief written order memorializing its ruling, and that Plaintiffs would be granted 30 days from the date of the order to file an amended pleading.

Accordingly, for the reasons stated on the record and below, the motion to dismiss is GRANTED, with leave to amend as to all claims except Count VIII and with leave to add a new claim under California's Secret Warranty Law, and the motion to strike is DENIED.

## I. BACKGROUND[1]

Plaintiffs Yan Mei Zheng-Lawson, Yuanteng Pei, and Joanne E. Ferrara allege that they each purchased a 2016 Toyota Rav 4 XLE based on misrepresentations contained in the "2016 Rav 4 brochure" available at Toyota dealerships and on the Internet, referred to in the FAC as the "Brochure." FAC ¶¶ 3, 7-8, 59, 62-63, 65-66. According to Plaintiffs, the Brochure stated that the model they purchased (2016 Rav 4 XLE) and certain other models (2016 Rav 4 XLE Hybrid and 2016 Rav 4 SE) came equipped with projector-beam headlights with an automatic on/off feature. FAC ¶¶ 7-8. In fact, the standard versions of the 2016 Rav 4 XLE, 2016 Rav 4 XLE Hybrid, and 2016 Rav 4 SE were not equipped with an automatic on/off feature for the vehicle's headlights. FAC ¶ 10. Plaintiffs bring this putative class action on behalf of persons who purchased or leased the model Plaintiffs purchased (2016 Toyota Rav 4 XLE) or one of the other models mentioned in the Brochure (2016 Rav 4 XLE Hybrid and 2016 Rav 4 SE). FAC ¶ 1.

Plaintiffs plead the following claims on behalf of a Nationwide Class, a California Subclass, a New York Subclass, and a Pennsylvania Subclass: (1) Deceptive Trade Practices in violation of General Business Law § 349 on behalf of New York Subclass; (2) Deceptive Trade Practices in violation of General Business Law § 350 on behalf of New York Subclass; (3) Breach of Express Warranty in violation of California Commercial Code § 2313 on behalf of Nationwide Class or, alternatively, California Subclass; (4) Breach of Express Warranty in violation of New York Uniform Commercial Code § 2-313 on behalf of New York Subclass; (5) Breach of Express Warranty in violation of 13 Pa. C.S.A. § 2313 on behalf of Pennsylvania Subclass; (6) Unfair Competition in violation of California Business & Professions Code § 17200 et seq. on behalf of Nationwide Class or, alternatively, California Subclass; (7) violation of California's Consumer Legal Remedies Act, California Civil Code § 1750 et seq., on behalf of Nationwide Class or, alternatively, California Subclass; (8) violation of California's Song-Beverly Consumer Warranty Act, California Civil Code § 1790 et seq., on behalf of Nationwide Class or, alternatively,

---
[1] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

California Subclass; (9) Deceptive Acts in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-2 et seq., on behalf of Pennsylvania Subclass; (10) Unfair Conduct in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1 et seq., on behalf of Pennsylvania Subclass; and (11) Unjust Enrichment on behalf of Nationwide Class or, alternatively, California Subclass, New York Subclass, and Pennsylvania Subclass.

## II. MOTION TO DISMISS

### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Discussion

The Court informed Plaintiffs on the record of the defects in the FAC, including the following:

#### 1. Failure to Differentiate Between Defendants

Although Plaintiffs sue three separate Toyota entities, the FAC lumps all three entities together, alleging throughout the pleading that "Toyota" and "Defendants" made the actionable misrepresentations. *See, e.g.,* FAC ¶¶ 1-3, 6, 9-14. Allegations which lump multiple defendants together are insufficient to put any one defendant on notice of the conduct upon which the claims against it are based. *See Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996). This is particularly true with respect to those of Plaintiffs' claims which are grounded in fraud, which are governed by Federal Rule of Civil Procedure 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

3

1  require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and
2  inform each defendant separately of the allegations surrounding his alleged participation in the
3  fraud." (internal quotation marks and citation omitted)).

Plaintiffs argue that group pleading is appropriate in this case because the three defendant Toyota entities are intertwined, relying on *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. CV 16-2765 (JLL), 2017 WL 1902160 (D.N.J. May 8, 2017). In *Volkswagen*, however, the court concluded that "[w]hile Plaintiffs do use the term 'Defendants' throughout the Complaint, they also make particularized allegations against each Defendant, including Defendant VW America, separately." *Volkswagen*, 2017 WL 1902160, at *9. Plaintiffs have not made particularized allegations against any of the defendant entities in this case. Plaintiffs must allege facts adequate to put *each* defendant on notice regarding the bases of the claims against it. *See In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." (internal quotation marks and citation omitted)). If the relevant facts relate to alter ego, agency, or some other relationship giving rise to liability of one entity for the conduct of another, the relationship should be explained in sufficient detail to allege plausibly that each defendant is liable for the specified conduct.

### 2. Failure to Plead Breach of Express Warranty

In Counts III, IV, and V, Plaintiffs plead claims for breach of express warranty under the laws of California, New York, and Pennsylvania. The claims are based on alleged statements in the Brochure referenced throughout the FAC. However, Plaintiffs neither attach a copy of the Brochure to their pleading nor plead its contents verbatim. Defendants provide copies of multiple versions of the Brochure, which the Court considers under the incorporation by reference doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference doctrine permits a court to consider documents referenced in but not physically attached to the complaint). Although Plaintiffs provide a copy of the referenced Brochure with their opposition, it is not clear from the FAC which version Plaintiffs relied on or even that Plaintiff Pei saw the Brochure before purchasing the vehicle. *Compare* FAC ¶¶ 60, 66 (alleging that Plaintiffs Zheng-Lawson and

4

Ferrara reviewed the Brochure before purchase) *with* FAC ¶ 64 (containing no allegations that Plaintiff Pei reviewed the Brochure). Plaintiffs' express warranty claims therefore are inadequate under the laws of all three states at issue. See *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986) (Under California law, plaintiff must allege "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury."); *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 626 (S.D.N.Y. 2012) (Under New York law, "a claim for breach of express warranty must rest on specific misleading statements."); *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 824 (E.D. Pa. 2016) (finding express warranty claim inadequate under Pennsylvania law where brochure was not adequately identified and complaint failed to allege when each plaintiff encountered the warranty).

Defendants argue that under any version of the Brochure, Plaintiffs' express warranty claims are inadequate because the Brochures contained disclaimers sufficient to negate the express warranty claims. The Court is not prepared to take up that issue at this stage of the proceedings, particularly where Plaintiffs have yet to allege with adequate specificity what brochure contained the express warranty and that they all reviewed the brochure prior to purchase of their vehicles.

### 3. Failure to Plead Violation of Consumer Protection Statutes

In Counts I, II, VI, VII, IX and X, Plaintiffs allege violations of the consumer protection laws of California, New York, and Pennsylvania. The thrust of each of these claims is that Defendants' deceptive Brochure misled Plaintiffs into believing that the vehicles they purchased were equipped with automatic on/off headlights when in fact the vehicles did not have that feature. Because the claims are grounded in fraud, they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2018 WL 2169784, at *5 (9th Cir. May 9, 2018). As discussed above, Plaintiffs have not identified in their pleading which Brochure contained the deceptive statements. At the bare minimum, Plaintiffs must allege precisely which statements are at issue and why those statements are misleading. *See id.* ("To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." (internal

5

quotation marks and citation omitted)).

#### 4. Failure to Plead Violation of Song-Beverly Consumer Warranty Act

Plaintiffs concede Defendants' motion with respect to Count VIII for violation of California's Song-Beverly Consumer Warranty Act. Plaintiffs' request for leave to replace Count III with a new claim under California's Secret Warranty Law was granted on the record.

#### 5. Unjust Enrichment

Count XI asserts a claim for unjust enrichment. Defendants argue that to the extent the claim is asserted under California law, it fails because California does not recognize a standalone cause of action for unjust enrichment. This Court has held that a claim for unjust enrichment may be asserted under California law. *See Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015). However, Plaintiffs do not allege that Count XI is asserted under California law or under any particular state's law. The claim is subject to dismissal on that basis.

The Court declines to take up Defendants' argument that Plaintiffs have not adequately alleged that they received a benefit unless and until Plaintiffs make clear which state's law on unjust enrichment is to be applied.

### III. MOTION TO STRIKE

#### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citation omitted). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

**B. Discussion**

Defendants ask the Court to strike Plaintiffs' claims as to non-purchased and non-leased vehicles for lack of standing and to strike Plaintiffs' nationwide class action allegations. Defendants raise significant issues regarding Plaintiffs' standing, and their ability to maintain a nationwide class, which ultimately may preclude class certification. However, the Court concludes that it would be premature to address those issues at this early stage of the proceedings. It is the Court's experience that class claims frequently are narrowed by the time a case reaches the class certification stage. The Court's ruling is without prejudice to reassertion of Defendants' arguments if and when this case reaches class certification.

## IV. ORDER

(1) The motion to dismiss is GRANTED, with leave to amend as to all claims except Count VIII and with leave to add a new claim under California's Secret Warranty Law;

(2) The motion to strike is DENIED; and

(3) Any amended pleading shall be filed on or before June 20, 2018 (30 days from date of this order).

Dated: May 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge