**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YAN MEI ZHENG-LAWSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, et al., <br><br> Defendants. | Case No. 17-cv-06591-BLF <br><br> **ORDER RE PENDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> [Re: ECF 84, 87, 89, 92, 95] |

This order addresses five administrative motions to seal: (1) Plaintiffs' Administrative Motion to File under Seal Documents in Support of Class Certification (ECF 84); (2) Plaintiffs' Administrative Motion to File under Seal Corrected Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification (ECF 87); (3) Defendants' Administrative Motion for Order Sealing Records Lodged Conditionally Under Seal in Connection with Plaintiffs' Motion for Class Certification (ECF 89); (4) Defendants' Administrative Motion to File under Seal Documents in Support of Opposition to Plaintiffs' Motion for Class Certification (ECF 92); and (5) Defendants' Administrative Motion to File under Seal Documents in Support of Opposition to Plaintiffs' Motion for Class Certification (ECF 95).

The Court's rulings are set forth as follows.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for*

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id*. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

**II. DISCUSSION**

The parties' motions fall into two categories, those relating to Plaintiffs' motion for class certification, and those relating to Defendants' opposition to class certification.

**A. Sealing Motions Relating to Plaintiffs' Motion for Class Certification (ECF 84, 87, 89)**

Plaintiffs have filed two sealing motions, ECF 84 and 87, requesting sealing or partial sealing of documents filed in support of their motion for class certification, on the basis that the documents contain information designated confidential by Defendants. Because Defendants are the designating parties, they have the burden of establishing that sealing is appropriate.

2

Defendants have addressed that burden by filing their own sealing motion, ECF 89, seeking to seal some, but not all, of the documents identified by Plaintiffs in their sealing motions. Defendants argue that the good cause standard applies, and this Court has applied the good cause standard to documents relating to class certification in the past. *See Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2014 WL 5598222, at *2 (N.D. Cal. Nov. 3, 2014) (applying good cause standard to documents related to class certification motion). However, since the Ninth Circuit clarified in *Chrysler* that the compelling reasons standard applies whenever the motion at issue is "more than tangentially related to the underlying causes of action," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), most district courts within the Ninth Circuit have applied the compelling reasons test to documents relating to class certification. *See, e.g., Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019) ("[S]ince *Chrysler*, district courts that have addressed the issue have regularly found that the compelling reasons standard applies to motions to seal exhibits attached to motions for class certification."); *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-00986-BAS-AGS, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) ("[C]ourts apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification."); *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (applying compelling reasons standard to documents relating to class certification); *Weisberg v. Takeda Pharm. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018) ("Because the Motion for Class Certification is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the Application to Seal."). In the wake of *Chrysler*, this Court likewise concludes that the compelling reasons standards applies to class certification motions and documents related thereto.

Although Defendants' motion is couched in terms of good cause, the reasons Defendants put forward for sealing also satisfy the compelling reasons test. Moreover, Defendants' requests are narrowly tailored. While Defendants do seek sealing of certain documents in their entirety, for the most part Defendants seek limited redactions of the documents in question to protect confidential and proprietary information.

3

Defendants have submitted the declarations of W. Joshua Hoffmann, the Senior Manager of Dealer Digital Solutions and Relationship Marketing at Defendant Toyota Motor Sales, U.S.A., Inc., and John Ciarletta, the Senior Manager of Consumer Insights at Defendant Toyota Motor North America, Inc. *See* Hoffmann Decl., ECF 89-1; Ciarletta Decl., ECF 89-2. Mr. Hoffmann and Mr. Ciarletta explain that the documents and portions of documents as to which Defendants seek sealing contain information regarding Defendants' proprietary marketing strategies, training materials, and competitor analyses. Hoffman Decl. ¶¶ 5-6. The documents also contain information regarding Defendants' internal business objectives, communications, procedures, and confidential contractual agreements. Hoffman Decl. ¶ 5. Some documents include information obtained pursuant to a contract with a third party company that Defendants hired to conduct independent industry research. Ciarletta Decl. ¶¶ 3-4. Finally, the documents include information derived from exclusive customer in-home interviews and confidential surveys. Ciarletta Decl. ¶¶ 6-9. The declarants represent that the information in question has been kept confidential, and disclosure could cause substantial harm to Defendants' competitive standing in the automotive industry. Hoffmann Decl. ¶¶ 4-7; Ciarletta Decl. ¶¶ 5-8.

Based on Defendants' showing, the Court GRANTS Defendants' sealing motion. The Court GRANTS IN PART Plaintiffs' sealing motions as to those documents and portions of documents Defendants have shown to be sealable, and it DENIES Plaintiffs' sealing motions with respect to those documents Defendants have not sought to seal. The Court's ruling is summarized in the following chart:

| ECF No. | Document | Ruling |
| --- | --- | --- |
| ECF 84-4 | Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | Denied. Document withdrawn by Plaintiffs and superseded by Corrected Memorandum |
| ECF 87-4 | Corrected Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | Granted as to lines: 1:17-22; 2:17-24; 3:3; 3:10-15; 3:21; 4:10-12; 4:17-19; 5:1; 5:4; 5:6; 5:18-21; 6:1-3; 6:6; 9:21; 11:2-5; 17:11; and 19:16. |

| | | |
|---|---|---|
| ECF 84-8 | Expert Report of Dave McLellan Consulting in Support of Plaintiffs' Motion for Class Certification | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 84-6 | Expert Report of Stefan Boedecker in Support of Plaintiffs' Motion for Class Certification | Denied. Designating parties, Defendants, have not sought sealing. |
| (see below) | Exhibits to the Declaration of Robert S. Green in Support of Plaintiffs' Motion for Class Certification | (see below) |
| ECF 85-7 | Exhibit 4, Excerpts of the W. Joshua Hoffmann deposition transcript | Granted as to lines: 29:8-13; 30:9; 39:23-25; 49:15-21; 54:3-10; 55:9-10; 55:17-6:14; 58:14-23; 59:1; 59:13-22; 60:2-9; 60:22-61:3; 61:8-9; 61:11-23; 62:5-6; 62:11-25; 64:18-65:3; 66:4-5; 66:17 |
| ECF 85-9 | Exhibit 5, Excerpts of the A. Hack deposition transcript | Granted as to lines: 23:23; 24:16; 24:25-25:1; 25:7-8; 25:12-15; 30:14-31:3; 49:14; 49:14; 54:4; 54:13- 56:10; 57:7; 57:17-19; 72:18-73:12; 84:8-9; 96:22-23; 98:5-8; 104:6-10; 113:23-114:4; 114:22; 115:17-19. |
| ECF 85-15 | Exhibit 10, Responses to Interrogatories | Granted as to Interrogatory Nos. 9 and 13; Exhibits A and B. |
| ECF 85-17 | Exhibit 11 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-19 | Exhibit 12 | Granted as to pages 00004924-00004928. |
| ECF 85-21 | Exhibit 13 | Granted as to entire document. |
| ECF 85-24 | Exhibit 15 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-26 | Exhibit 16 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-31 | Exhibit 20 | Denied. Designating parties, Defendants, have not sought sealing. |

| ECF 85-33 | Exhibit 21 | Denied. Designating parties, Defendants, have not sought sealing. |
|---|---|---|
| ECF 85-35 | Exhibit 22 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-37 | Exhibit 23 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-39 | Exhibit 24 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-41 | Exhibit 25 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-43 | Exhibit 26 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-45 | Exhibit 27 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-47 | Exhibit 28 | Granted as to entire document. |
| ECF 85-49 | Exhibit 29 | Granted as to pages 00004044-00004064. |
| ECF 85-51 | Exhibit 30 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-53 | Exhibit 31 | Granted as to entire document. |
| ECF 85-55 | Exhibit 32 | Denied. Designating parties, Defendants, have not sought sealing. |
| ECF 85-57 | Exhibit 33 | Granted as to entire document. |
| ECF 85-59 | Exhibit 34 | Denied. Designating parties, Defendants, have not sought sealing. |

**B. Sealing Motions Relating to Defendants' Opposition to Class Certification (ECF 92, 95)**

Defendants filed their original opposition to class certification on July 12, 2019, in conjunction with an administrative motion to seal (ECF 92) and a separate motion to exclude the reports of Plaintiffs' experts. On July 15, 2019, the Court struck Defendants' motion to exclude and granted Defendants leave to file an amended opposition containing Defendants' objections to Plaintiffs' expert evidence. *See* Order Striking, ECF 93. Defendants timely filed an amended opposition on July 22, 2019, along with a corresponding administration motion to seal (ECF 95). Because it appears that the amended opposition completely replaces and supersedes the original opposition, the sealing motion corresponding to the original opposition (ECF 92) is TERMINATED AS MOOT.

With respect to the sealing motion corresponding to the amended opposition (ECF 95), Defendants are the designating parties with respect to all documents *except* the depositions of Plaintiff Joanne Ferrara and her husband Robert Ferrara. Thus, Defendants bear the burden of establishing that all documents except the Ferrara depositions are sealable, and Plaintiffs bear the burden of establishing that the Ferrara depositions are sealable.

Defendants have satisfied their burden by presenting compelling reasons for sealing, even though Defendants' motion is couched in terms of good cause. Defendants' requests are narrowly tailored. While Defendants do seek sealing of certain documents in their entirety, for the most part Defendants seek only redaction of confidential matter. Defendants have submitted the declarations of Jeffrey B. Margulies, Defendants' counsel; Jon Ciarletta, the Senior Manager of Consumer Insights at Defendant Toyota Motor North America, Inc.; and Ashley Hack, the Communications Senior Planner of Vehicle Marketing and Communications for Toyota Motor Sales, U.S.A. *See* Margulies Decl., ECF 95-2; Ciarletta Decl., ECF 95-3; and Hack Decl., ECF 95-4. Those declarants explain that the materials as to which Defendants seek sealing include confidential incentive and sales data, as well as confidential marketing materials and marketing strategies. *See* Margulies Decl. ¶ 6; Hack Decl. ¶¶ 2-4. The materials also include market research that required significant time and resources to prepare, both on the part of Defendants and

a third party Defendants hired to conduct such research. *See* Hack Decl. ¶¶ 5-6; Ciarletta Decl. ¶¶ 3-7. The declarants represent that disclosure of the information could cause substantial harm to Defendants' competitive standing in the automotive industry. Additionally, the materials contain confidential contracts, the disclosure of which could implicate the privacy rights of the contracting parties. *See* Margulies Decl. ¶¶ 2-3. Accordingly, Defendants' sealing motion corresponding to their amended opposition to class certification (ECF 95) is GRANTED as to the material for which Defendants are the designating parties.

Plaintiffs bear the burden of establishing that the Ferrara depositions are sealable. Plaintiffs have not filed declarations to meet this burden as required under Civil Local Rule 79-5(e)(1), and the deadline to do so expired on July 26, 2019. However, Defendants have not filed a proof of service showing that Plaintiffs were served with the sealing motion, and in particular with unredacted copies of the excerpts of the Ferrara depositions as to which sealing is requested. Such proof of service is required under Civil Local Rule 79-5. Accordingly, although it appears from the docket that Plaintiffs received notification of the sealing motion itself from the ECF system, it is unclear whether Plaintiffs received sufficient information for them to evaluate whether the excerpts of the Ferrara depositions contain sealable material. Accordingly, Defendants' sealing motion corresponding to their amended opposition to class certification (ECF 95) is DEFERRED as to the Ferrara depositions. Defendants SHALL, on or before August 1, 2019, file a proof of service showing that they served a copy of the sealing motion on Plaintiffs, including the portions of the Ferrara depositions as to which Defendants seek sealing on the basis that Plaintiffs are the designating parties. Plaintiffs shall have until August 5, 2019 to file the required declarations establishing that the Ferrara depositions are sealable.

The Court's ruling with respect to Defendants' sealing motion corresponding to their amended opposition to class certification (ECF 95) is summarized in the following chart:

| **ECF No.** | **Document** | **Ruling** |
|---|---|---|
| ECF 95-7 | Defs.' Amended Mem. of Points and Authorities Opp'n to Mot. for Class Certification | Granted as to Lines: 3:23; 3:27; 4:2-3; 4:6; 4:10; 4:12-15; 4:20; 4:28; 5:8; 5:11-16; 6:2-5; 6:8:10; 6:21-26; 6:28-7:9; 7:11-15; 7:18; 9:28; 10:1; 10:7-8; 10:19-21; 13:7-8; 14:5; 14:8 |
| ECF 95-17 | Decl. of Jeffrey B. Margulies in Support of Opp'n to Mot. For Class Certification | Granted as to highlighted excerpts of ¶ 9. |
| ECF 95-2 | Decl. of Jeffrey B. Margulies in Support of Defendants' Motion to Seal | Granted as to ¶ 2 and highlighted excerpt of ¶ 3. |
| ECF 95-17 | Decl. of Jeffrey B. Margulies in Support of Opp'n to Mot. for Class Certification, Ex. 1 | Granted as to highlighted excerpts of the Ashley Hack deposition transcript: 14:4; 14:11; 14:16; 14:18; 14:23-24; 15:2; 15:7; 15:9; 15:11-12; 15:15; 15:19; 15:24; 24:16; 24:25; 55:11; 55:14-18; 56:1-13; 56:16-18; 67:14; 67:17; 75:22; 75:24; 98:5-6; 98:8; 113:23; 114:12; and 114:22. |
| ECF 95-17 | Decl. of Jeffrey B. Margulies in Support of Opp'n to Mot. for Class Certification, Ex. 2 | Granted as to highlighted excerpts of the W. Joshua Hoffmann deposition transcript: 19:4-7; 19:18-20; 19:25; 55:9-10; 55:17-25 and 70:19. |
| ECF 95-17 | Decl. of Jeffrey B. Margulies in Support of Opp'n to Mot. For Class Certification, Exhibit 8 | Granted as to entire document. |

| ECF 95-17 | Decl. of Jeffrey B. Margulies in Support of Opp'n to Mot. For Class Certification, Exhibit 11 | Deferred. Defendants have not filed a proof of service showing that designating parties, Plaintiffs, were served with the sealing motion and relevant portions of the deposition of Joanne Ferrara. |
|---|---|---|
| ECF 95-17 | Decl. of Jeffrey B. Margulies in Support of Opp'n to Mot. For Class Certification, Exhibit 14 | Deferred. Defendants have not filed a proof of service showing that designating parties, Plaintiffs, were served with the sealing motion and relevant portions of the deposition of Robert Ferrara. |
| ECF 95-17 | Declaration of Jeffrey B. Margulies in Support of Opp'n to Mot. For Class Certification, Exhibit 20 | Granted as to highlighted excerpts at page 1. |
| ECF 95-21 | Expert Report of Keith Ugone | Granted as to highlighted excerpts at pages 4, 18-25, 27-28, 33 and 34. |
| ECF 95-21 | Expert Report of Keith Ugone, Ex. 3 | Granted as to highlighted excerpts at pages 3-4. |
| ECF 95-21 | Expert Report of Keith Ugone, Ex. 5 | Granted as to entire document. |
| ECF 95-21 | Expert Report of Keith Ugone, Ex. 6 | Granted as to entire document. |
| ECF 95-13 | Decl. of Ashley Hack in Support of Opp'n to Mot. for Class Certification | Granted as to highlighted ¶¶ 3-4, 9-10, and 14. |
| ECF 95-15 | Decl. of W. Joshua Hoffmann in Support of Opp'n to Mot. for Class Certification | Granted as to highlighted paragraphs 4, 7-9. |
| ECF 95-15 | Decl. of W. Joshua Hoffmann in Support of Opp'n to Mot. for Class Certification, Ex. 1 | Granted as to entire document. |
| ECF 95-15 | Decl. of W. Joshua Hoffmann in Support of Opp'n to Mot. for Class Certification, Ex. 3 | Granted as to highlighted portions at pages 8479-8490. |

| ECF 95-9 | Decl. of Jon Ciarletta in Support of Opp'n to Mot. for Class Certification | Granted as to highlighted excerpts of ¶¶ 3, 5-8 and 10. |
|---|---|---|
| ECF 95-9 | Decl. of Jon Ciarletta in Support of Opp'n to Mot. for Class Certification, Ex. 1 | Granted as to entire document. |
| ECF 95-9 | Decl. of Jon Ciarletta in Support of Opp'n to Mot. for Class Certification, Ex. 2 | Granted as to entire document. |
| ECF 95-19 | Decl. of Audrey Mito in Support of Opp'n to Mot. for Class Certification | Granted as to highlighted excerpts of ¶¶ 4-7. |
| ECF 95-11 | Decl. of Emily Gaitan in Support of Opp'n to Mot. for Class Certification | Granted as to highlighted excerpts of ¶¶ 4-7. |
| ECF 95-11 | Decl. of Emily Gaitan in Support of Opp'n to Mot. for Class Certification, Ex. 1 | Granted as to entire document. |

### III. ORDER

(1) With respect to the sealing motions relating to Plaintiffs' motion for class certification, Plaintiffs' motions filed at ECF 84 and 87 are GRANTED IN PART AND DENIED IN PART, and Defendants' motion filed at ECF 89 is GRANTED, as set forth herein. Plaintiffs shall file any documents as to which sealing has been denied on the public docket no earlier than 4 days and no later than 10 days from the filing of this order. *See* Civ. L.R. 79-5(e)(2).

(2) With respect to the sealing motion relating to Defendants' original opposition to class certification, Defendants' sealing motion filed at ECF 92 is TERMINATED AS MOOT.

(3) With respect to the sealing motion relating to Defendants' amended opposition to class certification, Defendants' sealing motion filed at ECF 95 is GRANTED IN PART and DEFERRED IN PART, as set forth herein. The motion is GRANTED as to all material as to which Defendants are the designating parties. The motion is DEFERRED as to the Ferrara depositions, as to which Plaintiffs are the designating parties. Defendants SHALL, on or before August 1, 2019, file a proof of service showing that they served Plaintiffs with the sealing motion

and the relevant excerpts of the Ferrara depositions. Plaintiffs shall have until August 5, 2019 to file the required declaration establishing that the excerpts of the Ferrara depositions are sealable.

Dated: July 29, 2019

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge