**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YAN MEI ZHENG-LAWSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06591-BLF<br><br>**OMNIBUS ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF 109, 111, 121, 127] |

Before the Court are four administrative motions to file documents under seal: (1) Plaintiffs' Administrative Motion to File Under Seal Reply Documents in Support of Motion for Class Certification (ECF 109); (2) Parties' Stipulated Request for Order to Seal Certain Confidential Documents (ECF 111); (3) Defendants' Administrative Motion to File Under Seal Documents in Support of Defendants' Response to Plaintiffs' Objections to and Motion to Exclude Evidence (ECF 121); and (4) Defendants' Administrative Motion to Seal Portions of Hearing on Class Certification Motion (ECF 127).

The motions are GRANTED IN PART AND DENIED IN PART as set forth below.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for*

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id*. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

**II.  DISCUSSION**

This Court follows numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal documents relating to class certification. *See Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019) ("[S]ince Chrysler, district courts that have addressed the issue have regularly found that the compelling reasons standard applies to motions to seal exhibits attached to motions for class certification."); *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-00986-BAS-AGS, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) ("[C]ourts apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification.");

*In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (applying compelling reasons standard to documents relating to class certification); *Weisberg v. Takeda Pharm. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018) ("Because the Motion for Class Certification is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the Application to Seal."). Applying the compelling reasons standard, the Court sets forth its rulings on the sealing motions as follows.

### A. Plaintiffs' Administrative Motion to File Under Seal Reply Documents in Support of Motion for Class Certification (ECF 109)

Plaintiffs have filed a sealing motion with respect to certain documents on the basis that they contain information designated by Defendants as confidential. The documents in question are Plaintiffs' Reply Brief in Support of Motion for Class Certification, the Rebuttal Declaration of Stefan Boedeker, and certain exhibits to the Declaration of Robert S. Green in support of Plaintiff's Reply. As the designating parties, Defendants bear the burden of demonstrating that compelling reasons exist to seal. Defendants seek more limited redactions than those proposed by Plaintiffs, and Defendants demonstrate the existence of compelling reasons for their proposed redactions through their Response to Plaintiffs' Administrative Motion and attached declarations of Jeffrey B. Margulies, Ashley Hack, and W. Joshua Hoffman. *See* ECF 112.

Thus, Plaintiffs' sealing motion is GRANTED as to the narrower subset of redactions requested by the designating parties, Defendants, and otherwise is DENIED. The Court's ruling is summarized in the following chart.

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 109-4 | Plaintiffs' Reply Brief in Support of Motion for Class Certification | GRANTED as to 1:21; 1:15; 2:5-9 ; 2:23-24; 4:10; 4:12; 4:14-16; 4:23-25; 4:27; 5:10-11; 10:21-24. | Information reflects Defendants' marketing competitor analysis, confidential sales data, internal training information, vendor relationships, and business objectives. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 109-6 | Rebuttal Declaration of Stefan Boedeker | GRANTED as to ¶ 6(1), (7), (8), (9), (10); ¶ 7(a), (a)(i), (a)(ii), (b), (b)(iv), (c)(i), (c)(fn. 33), (c)(iii), (d), (d)(i), (c)(fn. 34), (d)(ii), (e), (e)(i), (f), (f)(i), (g). | Information reflects Defendants' internal training information, internal confidential data regarding traffic visits to Toyota.com, confidential sales data, vendor distribution data, and confidential survey data. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-10 | Exhibit 1 to Reply Declaration of Robert S. Green | GRANTED as to 7:13; 7:18; 12:21; 16:19; 16:22; 17:19. | Information reflects internal confidential data regarding traffic visits to Toyota.com. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-12 | Exhibit 2 to Reply Declaration of Robert S. Green | GRANTED as to entire exhibit. | Information reflects Defendants' internal confidential training materials. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-14 | Exhibit 3 to Reply Declaration of Robert S. Green | GRANTED as to entire exhibit. | Information reflects Defendants' internal confidential training materials. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-20 | Exhibit 8 to Reply Declaration of Robert S. Green | GRANTED as to highlighted portions redacted by Plaintiffs. | Information reflects Defendants' competitor analysis. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-22 | Exhibit 9 to Reply Declaration of Robert S. Green | GRANTED as to highlighted portions redacted by Plaintiffs. | Information reflects Defendants' competitor analysis, internal training information, and internal confidential data regarding traffic visits to Toyota.com. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-24 | Exhibit 10 to Reply Declaration of Robert S. Green | DENIED. Sealing not sought by Defendants, designating parties. | |
| 109-26 | Exhibit 11 to Reply Declaration of Robert S. Green | GRANTED as to highlighted portions redacted by Plaintiffs. | Information reflects Defendants' competitor analysis and internal training information. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 109-28 | Exhibit 12 to Reply Declaration of Robert S. Green | GRANTED as to 16:24-25; 18:6; 18:23; 35:1; 35:5; 35:14; 35:18; 35:21; 36:3; 36:13-15; 36:17-18; 37:12. | Information reflects confidential sales data and vendor relationships. Hack Decl. ¶¶ 2-6, ECF 112-2; Hoffmann Decl. ¶¶ 2-7, ECF 112-3. |
| 109-32 | Exhibit 15 to Reply Declaration of Robert S. Green | GRANTED as to highlighted portions redacted by Plaintiffs. | The Court granted leave to seal the proposed redactions in a prior motion. *See* ECF 98. |
| 109-35 | Exhibit 17 to Reply Declaration of Robert S. Green | DENIED. Sealing not sought by Defendants, designating parties. | |

## B. Parties' Stipulated Request for Order to Seal Certain Confidential Documents (ECF 111)

The parties have filed a joint sealing motion with respect to materials that they inadvertently filed on the public docket. The documents in question have been locked by the Clerk's Office pending the Court's ruling on the joint sealing motion. Some of the documents have been filed multiple times on the docket with different portions redacted. Consequently, the same documents are listed multiple times in the chart below, with different ECF numbers. The joint sealing motion is GRANTED.

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 84-3 | Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | GRANTED as to 1:6 and 6:6. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 85-1 | Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification | GRANTED as to 2:1; 2:3; 2:19; 2:23; 2:27; and 3:3. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |

| | | | |
|---|---|---|---|
| 87-3 | Corrected Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | GRANTED as to 1:6 and 6:6. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 89-4 | Corrected Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | GRANTED as to 1:6. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 89-4 | Deposition of W. Joshua Hoffman | GRANTED as to 3:18-19; 39:1; 39:11; and 48:23. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 104 | Corrected Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | GRANTED as to 1:6; 5:5; 5:8. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 104-3 | Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification | GRANTED as to 2:1; 2:3; 2:19; 2:23; 2:27; and 3:3. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 104-7 | Exhibit 4 to Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification (Deposition of W. Joshua Hoffman) | GRANTED as to 3:18-19; 39:1; 39:11; and 48:23. | Information reflects Defendants' confidential sales data and competitor analysis that the Court has sealed at ECF 98. |
| 104-8 | Exhibit 5 to Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification (Deposition of Ashley Hack) | GRANTED as to 49:19. | Information reflects Defendants' internal business practices, material that the Court has sealed at ECF 98. |
| 104-15 | Exhibit 12 to Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification (Edge Competitive Comparison) | GRANTED as to TOY-ZHENG00004929. | Information reflects Defendants' confidential competitor analysis that the Court has sealed at ECF 98. |

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 104-19 | Exhibit 16 to Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification (Correspondence) | GRANTED as to entire exhibit. | Information reflects Defendants' confidential competitor analysis that the Court has sealed at ECF 98. |
| 104-37 | Exhibit 34 to Declaration of Robert Green in Support of Plaintiffs' Motion for Class Certification | GRANTED as to TOY-ZHENG00008013. | Information reflects Defendants' internal business practices, material that the Court has sealed at ECF 98. |

### C. Defendants' Administrative Motion to Seal Documents in Support of Defendants' Response to Plaintiffs' Objections/Motion to Exclude (ECF 121)

Defendants move to seal two exhibits submitted in support of their response to Plaintiffs' objections to, and motion to exclude, certain of Defendants' evidence. The motion is GRANTED, as Defendants have demonstrated compelling reasons for sealing.

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 121-4 | Exhibit A to the Declaration of Jeffrey B. Margulies in Support of Defendants' Response to Plaintiffs' Objections to and Motion to Exclude Evidence Submitted by Defendants in Opposition to Motion for Class Certification (August 12, 2019 Letter) | GRANTED s to highlighted portions | Information reflects Defendants' marketing competitor analysis and confidential training information. Margulies Decl. ¶ 2, ECF 121-1. Information previously has been sealed by the Court at ECF 98. |
| 121-4 | Exhibit D to the Declaration of Jeffrey B. Margulies in Support of Defendants' Response to Plaintiffs' Objections to and Motion to Exclude Evidence Submitted by Defendants in Opposition to Motion for Class Certification (Deposition of W. Joshua Hoffmann) | GRANTED as to 5:9-11; 12:3; 12:21; 12:24; 13:2; 13:11; 13:13; 14:5-7; 20:4-5; 20:14; 21:2; 22:24; 23:9; 23:16; 23:20; 70:14; 70:19. | Information reflects Defendants' marketing competitor analysis and confidential data reflecting internal training downloads. Margulies Decl. ¶ 2, ECF 121-1. Information previously has been sealed by the Court at ECF 98. |

### D. Defendants' Administrative Motion to Seal Portions of Hearing on Class Certification Motion (ECF 127)

Defendants move to seal portions of the transcript of the hearing on Plaintiffs' Motion for Class Certification. The motion is GRANTED.

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 126 | Transcript of Hearing on Plaintiffs' Motion for Class Certification | GRANTED as to 7:14; 7:19; 8:23-25; 9:1; 9:3; 9:5; 9:19-21; 13:20; 13:23; 14:23; 16:15-16; 16:21; 16:22; 18:19; 19:4-6; 19:17; 25:8; 25:11; 25:13; 26:18; 26:20-21; 26:24; 29:20; 29:23; 30:14; 32:23; 32:25; 33:1; 43:10; 43:14; 43:19; 43:23. | Information reflects Defendants' marketing competitor analysis and confidential data reflecting internal training downloads. Margulies Decl. ¶ 2, ECF 127-1. Information previously has been sealed by the Court at ECF 98. |

## III. ORDER

(1) Plaintiffs' Administrative Motion to File Under Seal Reply Documents in Support of Motion for Class Certification (ECF 109) is GRANTED IN PART AND DENIED IN PART as set forth herein;

(2) The Parties' Stipulated Request for Order to Seal Certain Confidential Documents (ECF 111) is GRANTED as set forth herein;

(3) Defendants' Administrative Motion to File Under Seal Documents in Support of Defendants' Response to Plaintiffs' Objections to and Motion to Exclude Evidence (ECF 121) is GRANTED as set forth herein; and

(4) Defendants' Administrative Motion to Seal Portions of Hearing on Class Certification Motion (ECF 127) is GRANTED as set forth herein.

Dated: December 16, 2019

BETH LABSON FREEMAN
United States District Judge